United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO OVIEDO MORALES, ISAIAS BAUTISTA CASTILLO,

Petitioners,

v.

SERGIO ALBARRAN, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; DAVID J. VENTURELLA, Acting Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; TODD BLANCHE, Attorney General of the United States, acting in their official capacities,

Respondents.

Case No. 3:26-cv-13866

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Re: ECF No. 2

At approximately 7:00 a.m. today, November 16, 2026, while on their way to work, Petitioner Eduardo Oviedo Morales and Petitioner Isaias Bautista Castillo were arrested and detained without warning by Immigration and Customs Enforcement ("ICE") officers. Petitioner Morales is a 40-year-old with no criminal history, who has lived in the United States since about 2005, and who lives with his wife and three U.S. citizen children. Petitioner Castillo is a 24-year-old who has lived in the United States since approximately 2022 and, like Morales has no criminal history. The ICE officers did not present Petitioners with a warrant.

Petitioners filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"), and an Ex Parte Motion for Temporary Restraining Order contending that they are being unlawfully confined in violation of the Constitution and laws of the United States. ECF Nos. 1, 2. The Court finds that the requirements for issuing a temporary restraining order

(“TRO”) without notice pursuant to Federal Rule of Civil Procedure 65(b) are met. The Court also finds that Petitioners are likely to succeed on the merits of their claims. The Court GRANTS Petitioners’ Ex Parte Motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter. ECF No. 2. The Court **ORDERS** that Respondents **IMMEDIATELY RELEASE PETITIONERS FROM CUSTODY TODAY, NOVEMBER 16, 2026**.

## I. BACKGROUND

Petitioners were arrested by ICE officers at around 7:00 a.m. on Monday, November 16, 2026. While driving to work together on Airport Boulevard in South San Francisco, Petitioners were pulled over by three unmarked cars. Four or five individuals approached and asked Petitioners for their IDs. Petitioner Bautista Castillo provided the individuals with his ID, and Petitioner Oviedo Morales refused to provide his ID. As soon as Petitioners stepped out of their vehicle, they were placed in handcuffs. They were later placed in ankle cuffs as well. The individuals who arrested Petitioners did not identify themselves as police or ICE officers. The individuals did not show Petitioners a warrant or any other document and did not tell Petitioners why they were being arrested.

Petitioners were first shown documents that were described as warrants after their arrest, at 630 Sansome Street, in San Francisco. The Form I-200 for Petitioner Morales—who lives in South San Francisco, where he was arrested—does not list his home address, but lists “22844 Virginia Blvd California City, CALIFORNIA,” and orders him to appear before an immigration judge in California City, California, on December 9, 2026. Petitioner Bautista Castillo’s Form I-200 likewise does not list his home address in South San Francisco, but lists “22844 Virginia Blvd California City, CALIFORNIA,” and orders him to appear before an immigration judge in California City, California, on November 30, 2026.

Petitioner Morales is 40 years old and has lived in the United States for approximately 20 years. He is married, and lives with his wife and his three U.S. citizen children. Petitioner Morales works in a steady job in construction that he has held for the last nine years. Petitioner Morales regularly attends church with his family and participates in volunteer events. He has no criminal history.



United States District Court
Northern District of California

Petitioner Isaias Bautista Castillo is 24 years old and has lived in the United States for approximately 4 years. He works in construction and attends church. He has no criminal history.

## II. ANALYSIS

The Court has reviewed Plaintiffs' Petition. The Court finds that the requirements for issuing a TRO without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case. Petitioners' attorney has set out specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition.

The Court finds that Petitioners have shown at least that there are "serious questions going to the merits" and that "the balance of hardships tips sharply" in their favor. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014). Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

This Court finds that the three factors relevant to the due process inquiry set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976)—"the private interest that will be affected by the official action," "the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards," and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," *id.* at 335—require that Petitioners be immediately released from custody, and that they be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody. Petitioners have a substantial private interest in remaining out of custody, which would allow them to take care of their families, and continue their employment. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

## III. CONCLUSION

Accordingly, the Court hereby **GRANTS** Petitioners' Motion for a Temporary Restraining Order. ECF No. 2. In this case, in light of the minimal risk of harm to the government, the Court

determines that security is not required.

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby **ORDERED** as follows:

- Respondents are **ORDERED TO IMMEDIATELY RELEASE PETITIONERS FROM CUSTODY TODAY, NOVEMBER 16, 2026, IN SAN FRANCISCO, CALIFORNIA.** Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioners without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing them from the United States. Petitioners shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.
- Respondents shall answer or otherwise respond to the Petition by no later than November 19, 2026. Any response must include the Petitioners' full Forms I-213, any orders of release or detention, any custody warrants or notices, Petitioners' criminal history to the extent one exists, and any other portions of Petitioners' A-File relevant to the determination of the issues presented in the Petition. Failure to timely respond shall be construed as a non-opposition. Civil L.R. 230(c).
- Petitioners may file a reply by November 23, 2026.
- In addition, Respondents are DIRECTED to report at what time on November 16, 2026, Petitioners were released in a status report filed no later than noon on November 17, 2026.
- The Court sets this matter for a hearing on Tuesday, November 24, 2026, at 9:00 a.m. via videoconference.
- Counsel for Respondents shall promptly enter notices of appearance.
- In the time before the hearing, the parties are ORDERED to meet and confer to see if they can resolve this matter without further judicial intervention.

United States District Court
Northern District of California

**This Order shall remain in effect until November 24, 2026, at 8:00 p.m.** Petitioners shall serve this Order via email on Pamela Johann, Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California, at pamela.johann@usdoj.gov.

**IT IS SO ORDERED.**

Dated: November 16, 2026

Noël Wise
United States District Judge